UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH D. HOFFMAN,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>PAUL COPENHAVER, Warden,<br><br>　　　　　　　Respondent. | 1:12-cv-00191 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 21) |

## I. INTRODUCTION

Plaintiff is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The instant Petition for Writ of Habeas Corpus was filed on February 10, 2012. (Pet., ECF No. 1.) The petition challenges the findings a disciplinary hearing held on September 27, 2010, where Petitioner was found guilty of code 197, use of the telephone to further criminal activity. (Id.) Petitioner raises two challenges to the disciplinary proceedings. First, Petitioner asserts that his due process rights were violated when he was charged with an offense that was not included on the incident report. Further, he claims that there was insufficient evidence to support the finding of guilt. (Pet. at 3.)

On November 26, 2012, Respondent filed a motion to dismiss the petition. (Mot. To Dismiss, ECF No. 21.) Petitioner filed an opposition on November 29, 2012, and Respondent filed a reply on December 17, 2012. (ECF Nos. 23-24.) Additionally Petitioner has filed a

motion for discovery and a request for judicial notice. (ECF Nos. 20, 25.)

## II.     FACTUAL SUMMARY

On September 9, 2010, an investigation concluded Petitioner was involved in illicit activities involving the introduction of contraband into the prison by use of the telephone. (See Decl. of Todd W. Cerney, ¶ 4, Attachment 3.) Specifically, staff concluded that from about July 15, 2010, until August 18, 2010, Petitioner along with another inmate communicated with acquaintances and family members to introduce tobacco into the institution in exchange for money. (Id.) Petitioner was charged with code 197, use of the telephone to further criminal activity, and code 331, possession, manufacture, or introduction of non-hazardous tool or other non-hazardous contraband. (Id.) On September 10, 2010, Petitioner received an incident report, and on September 13, 2010, he appeared before the Unit Discipline Committee ("UDC"). (Id.) The UDC noted Petitioner's acknowledgment that he understood his rights but that he declined to make a statement. (Id.) The UDC referred the matter to the Discipline Hearing Officer ("DHO") with a recommendation of 60 days of disciplinary segregation and 41 days loss of good conduct time ("GCT"). (Id.)

On September 27, 2010, Petitioner appeared before the DHO. (Id. at ¶ 6, Attach. 4.) He requested and was provided a staff representative. (Id.) Petitioner did not request any witnesses and merely indicated, "It's all some bullshit. He knows all my people. I was only next to him to tell him to tell people to send me money." (Id.) The DHO found the greater weight of the evidence supported a finding that Petitioner had committed the prohibited act of use of the telephone to further criminal activity. However, the DHO did not find sufficient evidence to support the charge of possession, manufacture, or introduction of non-hazardous tool, or other non-hazardous contraband. Accordingly, Petitioner was sanctioned with a loss of 54 days good conduct time, 60 days disciplinary segregation, loss of telephone privileges for 9 months, and loss of social visiting privileges for 6 months. (Id.) Petitioner was also advised of his appeal rights, and on October 13, 2010, a written copy of the DHO's findings was delivered to Petitioner. (Id.)

///

**II.     JURISDICTION**

   **A.     Subject Matter Jurisdiction**

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner asserts that, as a result of an adverse ruling in the prison disciplinary proceeding, he suffered violations of rights guaranteed by the United States Constitution. As a result of the hearings, Respondent sanctioned Petitioner with disallowance of good conduct time.

"Habeas corpus jurisdiction is available under 28 U.S.C. section 2241 for a prisoner's claims that he has been denied good time credits without due process of law." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)). Accordingly, the Court concludes that it has subject matter jurisdiction over the petition.

   **B.     Jurisdiction Over the Person**

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the

time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948), overruled on other grounds in Braden, 410 U.S. at 493, citing Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990). A failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, the conduct in question and resulting disciplinary hearing and findings occurred while Petitioner was incarcerated at the United States Penitentiary in Allenwood, Pennsylvania. However, at the time of filing, Petitioner was incarcerated at the United States Penitentiary in Atwater, California, which is located within the Eastern District of California. Paul Copenhaver, as warden of the United States Penitentiary in Atwater, California is hereby substituted as Respondent. See Fed. R. Civ. P. 25(d).

Accordingly, the Court concludes that it has personal jurisdiction over the custodian.

### III.  ANALYSIS OF CLAIMS

Petitioner challenges on due process grounds a prison disciplinary finding that resulted in loss of good time credit. The Respondent, in his motion to dismiss, has provided the Court with a record of the incident report, disciplinary hearing and findings, and the administrative appeals process. Thus, the Court is in possession of all relevant documentation of the disciplinary proceedings as well as documentation of Petitioner's exhaustion of administrative remedies, so the Court may determine the merits of the petition at this time.[1]

### B.  Violation of Petitioner's Due Process Rights

The law concerning a prisoner's Fourteenth Amendment liberty interest in good time credit is set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). While the United States Constitution does not guarantee good time credit, an inmate has a liberty interest in good time credit when a state statute provides such a right and delineates that it is not to be taken away

---

[1] On November 19, 2012, Petitioner filed a motion for discovery. (ECF No. 20.) Petitioner's motion is cursory and does not describe which, if any, documents or records that he would need to properly present his claims. As it appears the relevant documents have been provided to the Court and Petitioner and Petitioner does not describe what additional documents he requests, the motion for discovery is DENIED.

except for serious misconduct. See id. at 557 ("It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior."); id. ("[T]he State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance …."); id. at 558 (holding that "[s]ince prisoners in Nebraska can only lose good-time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed").

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff, 418 U.S. at 539. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.

In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). In Hill, the United States Supreme Court explained that this standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . ." Id. "Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or

weighing of the evidence." Hill, 472 U.S. at 456. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-456. The Court justified this lesser standard as follows:

> We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require the courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Id. at 456. (Citations omitted.)

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Hill at 457. Even where, as in Hill, the evidence in the case "might be characterized as meager," if "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary," those findings must be upheld. Id. Thus, if the procedures listed above are afforded to an inmate, and "some evidence" supports the hearing officer's decision, the requirements of due process are satisfied. Hill, 472 U.S. at 455; Bostic v. Carlson, 884 F.2d at 1269-1270.

In this case, the disciplinary hearing was held on September 27, 2010. Petitioner was provided notice of the charges over twenty-four hours before the hearing, on September 10, 2010. On October 12, 2010, the DHO issued a written decision in the case, which was served on Petitioner on October 13, 2010. After reviewing all of the evidence, the DHO found Petitioner guilty of committing the prohibited act. The finding was based on the information submitted by the correctional officer and other relevant evidence.

B.   **Petitioner's Claims**

   1.   **Offense Not Included on the Incident Report**

Petitioner asserts that his due process rights were violated because he was not properly notified of the charges because the offense was not included on the incident report. (Pet. at 3.) However, the incident report provided to Petitioner on September 10, 2010 clearly states

that Petitioner was being charged with code 197, use of the telephone to further criminal activity. Petitioner has not provided any evidence to suggest that the incident report listing is incorrect. Accordingly, Petitioner was provided adequate notice of the charged offense and not entitled to relief on this claim.

### 2. Failure to Provide Investigative Report

Petitioner also asserts that his due process rights were violated when the DHO refused to provide him a copy of the investigative report of the incident. (Pet. at 4.) According to the discipline hearing report, Petitioner met with his staff representative in advance of the hearing and did not request anything other than to be present at the hearing. (Cerney Decl. ¶ 6., Attachment 4.) At the hearing, Petitioner made a statement but did not request any evidence, claim he was denied access to any evidence, or refer to any evidence to support his case. (Id.)

While Petitioner had a right to call witnesses and present documentary evidence in his defense, he has not shown that he requested but was denied the right to review and present evidence at his hearing. All the documentary evidence of the hearing supports a finding that Petitioner neither requested review of the investigatory report or challenged specific findings of the report at the hearing. Petitioner is not entitled to relief with respect to this claim.

### 3. Sufficiency of the Evidence

Petitioner asserts that there was insufficient evidence to support the charge for code 197, but concedes that the evidence supports guilt with respect to a lesser charge, code 297, for use of the telephone for abuses other than illegal activity.

Here, the evidence presented at the disciplinary hearing and relied upon by the DHO included an incident report filed by Lieutenant George Nye. (Cerney Decl. ¶ 6., Attachment 4.) According to the report, the officer found that Petitioner used the institutional phone system to facilitate the introduction of tobacco into the facility. The report explained that Petitioner used another inmate to communicate with family members and friends to obtain the tobacco and transfer large amounts of money. (Id.) The BOP found tobacco encased in a book sent to another inmate. (Id.) That inmate, Jones, was shown on video surveillance making phone calls where Petitioner was in the immediate area and is heard speaking instructions to Jones.

1  At the times that Petitioner was present, Jones made calls to Petitioner's sister and another
2  individual. (Id.) According to the investigative officer, Jones made statements on the phone
3  including "Was it sent," and "Have you received the package back yet?" (Id.) Petitioner was
4  heard stating "I need this done because I paid for it." (Id.)

5  The DHO relied on the above testimony at the hearing to support finding Petitioner
6  guilty of the offense of use of the telephone to further criminal activity. (Id.)

7  The Court finds that some evidence exists to support a finding that Petitioner committed
8  the prohibited act of use of the telephone to further criminal activity. The DHO found the
9  information contained in the investigative report supported a finding that Petitioner was
10 engaged in a scheme to present illegal substance into the prison by use of the phone. This
11 was corroborated by the fact that Petitioner was present when calls were made to his sister
12 and others inquiring about items being sent, followed by a package being sent to Jones
13 containing tobacco.  Even though Petitioner denied the charges, the DHO did not find his
14 testimony compelling and placed greater weight on the evidence presented by the investigative
15 officer. While not overly strong, the investigation easily presented some evidence that
16 Petitioner was engaged in the unauthorized acts. Accordingly, the "some evidence" standard
17 has been met. See Hill, 472 U.S. at 455. The fact that Petitioner's assertion that he did not
18 commit the unauthorized acts does not alter the conclusion that the DHO's decision was
19 supported by "some evidence."

## V. RECOMMENDATION

For the reasons discussed herein, the Court RECOMMENDS that petition be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the

1  objections shall be served and filed within fourteen (14) days (plus three days if served by
2  mail) after service of the objections. The Court will then review the Magistrate Judge's ruling
3  pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections
4  within the specified time may waive the right to appeal the District Court's order. Martinez v.
5  Ylst, 951 F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.
8  Dated:   April 19, 2013                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California                                -9-